```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                 CORPUS CHRISTI DIVISION
```

| | |
|---|---|
| ORALIA GUEVARA, | § |
| | § |
|     Plaintiff, | § |
| | § |
| vs. | §   C.A. NO. C-07-08 |
| | § |
| WAL-MART STORES, INC., and | § |
| UCHE NUANPKA, | § |
| | § |
|     Defendants. | § |

**<u>ORDER OF REMAND</u>**

On this day the Court *sua sponte* considered its subject matter jurisdiction over the above-styled action. For the reasons discussed below, this Court finds that subject matter jurisdiction is lacking and the above-styled action is, therefore, REMANDED pursuant to 28 U.S.C. § 1447(c) to the Country Court at Law No. 1 of Nueces County, Texas, where it was originally filed and assigned Cause Number 06-62219-1.

**I.   BACKGROUND**

On September 18, 2006, Plaintiff Oralia Guevara ("Plaintiff") filed her Original Petition in Country Court at Law No. 1 of Nueces County, Texas, naming as Defendants Wal-Mart Stores, Inc., and Uche Nuanpka, a Wal-Mart store manager (collectively "Defendants"). In her Petition, Plaintiff alleged that she was shopping in a Wal-Mart store in Corpus Christi, Texas, when a ladder fell and hit her right shoulder causing her injuries. (Pl.'s 3d Am. Pet. ("PAP") at ¶¶ 4, 8.) Plaintiff alleged that the "Defendants' failure to use reasonable care proximately caused [her] injuries." (PAP at ¶ 7.)

In particular, Plaintiff alleged that the Defendants were negligent in: (a) "[f]ailing to inspect the property for dangerous conditions and make safe or warn of any hazards" and (b) "[f]ailing to post warning signs". (PAP at ¶ 5.) Accordingly, Plaintiff sought damages for "past and future medical expenses, past and future physical pain and mental anguish, past and future physical impairment, lost wages, and disfigurement." (PAP at ¶ 8.)

On January 5, 2007, Defendant Wal-Mart removed the case from state court to this Court alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (See Notice of Removal ("NOR") at ¶ 7.) Wal-Mart alleged that there was complete diversity of citizenship because Plaintiff was a citizen of Texas, while Defendant Wal-Mart is an entity "whose citizenship was not in the state of Texas." (NOR at ¶¶ 7, 9.) Wal-Mart did not claim that Defendant Uche Nuanpka was also a citizen of a state other than Texas, but instead argued that Defendant Nuanpka's citizenship of should be ignored for diversity purposes because he had been fraudulently (or improperly) joined. (NOR at ¶ 10.)

**II. DISCUSSION**

A federal court's "first inquiry" must be whether it has subject-matter jurisdiction. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 576 (5th Cir. 2004) (en banc) cert. denied, 125 S. Ct. 1825 (2005). Thus, "courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*." Union Planters Bank Nat. Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004). A party may

remove an action from state court to federal court only if the action is one over which the federal court possesses subject matter jurisdiction.  See 28 U.S.C. § 1441(a).  A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  Manguno, 276 F.3d at 723; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction").

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, a defendant may remove a case if there is: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000.  See 28 U.S.C. § 1332(a).  It is well-established that the diversity statute requires "complete diversity" of citizenship.  A district court generally "cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003).  In analyzing diversity jurisdiction, however, a court may disregard

the citizenship of parties that have been *improperly* joined.  See Smallwood, 385 F.3d at 572-73.  The rationale of this doctrine of improper joinder (also known as "fraudulent joinder") is that the right of removal should not "be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy."  Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 152 (1914); Smallwood, 385 F.3d at 573.

The burden of proving fraudulent joinder, however, is on the defendant, and that burden is a "heavy one." Griggs v. State Farm Lloyds, 181 F.3d 694, 699, 701 (5th Cir. 1999).  The defendant either must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood, 385 F.3d at 573.  Only the second method of establishing improper joinder is at issue in this case, and the test under this second approach is whether "there is *no reasonable basis* for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  Id. (emphasis supplied).  When applying this test, a court must "resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party . . . [and] determine whether that party has any possibility of recovery against the party whose joinder is questioned." Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000).  In determining the possibility of

recovery under state law, a court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood, 385 F.3d at 573. "If the plaintiff can survive a Rule 12(b)(6) challenge, there [generally] is no improper joinder." Id.

In this case, Defendant Wal-Mart argues that Defendant Uche Nuanpka has been improperly joined because:

> There have been no allegations that Uche Nuanpka owes the Plaintiffs [*sic*] any independent duty of care apart from that duty owed by his employer, [Wal-Mart], and there are no allegations that he committed an intentional tort outside the course and scope of his employment.

(NOR at ¶ 10.) In other words, Wal-Mart argues that store managers generally cannot be held liable under Texas law for injuries to customers on store premises unless they owe some independent duty of care. The lone case cited by Wal-Mart in support of this argument is Palmer v. Wal-Mart, 65 F.Supp.2d 564 (S.D. Tex. 1999), in which a federal district court found that a store manager had been improperly joined in a premises liability action. In finding improper joinder, the Palmer court relied solely upon the Texas Supreme Court case of Leitch v. Hornsby, 935 S.W.2d 114 (Tex. 1996) for the proposition that corporate employees (such as store managers) cannot be held liable for acts committed in the course and scope of their employment unless "the officer or agent owes an *independent* duty of reasonable care to the injured party apart from

the employer's duty."  See Palmer, 65 F.Supp.2d at 567.

This Court finds Wal-Mart's argument unpersuasive, however, because the Fifth Circuit has explicitly found that there is a reasonable possibility of recovery against store managers in premise liability cases under Texas law.  See Valdes v. Wal-Mart Stores, Inc., Nos. 97-20179, 97-20610, (5th Cir. Sept. 4, 1998) (unpublished).  In Valdes, the plaintiff sued Wal-Mart and a Wal-Mart store manager in Texas state court after she was kidnaped in a Wal-Mart parking lot, and raped.  Id. at *2.  The plaintiff brought a premises liability action against the two defendants, alleging that Wal-Mart and its manager failed to provide adequate security in the parking lot and thus negligently caused her injuries.  Id.  Defendants removed the case to federal court, alleging diversity jurisdiction, and argued that the store manager's citizenship should be ignored because he had been improperly joined.  Id. at *3.  The district court agreed, denied plaintiff's motion to remand the case, and dismissed the Wal-Mart store manager.  Id. at *4.  Following judgment in favor of the defendants, the plaintiff appealed.  Id. at *5.  On appeal, the Fifth Circuit reversed the district court's denial of plaintiff's motion to remand, finding that:

> [an] allegation that [the defendant], by virtue of his position as store manager, had a duty to maintain the premises in a condition that would not pose an unreasonable risk of harm to business invitees is sufficient to demonstrate a reasonable possibility that a Texas court would recognize this duty.

-6-

Id. at *13; see also Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 294, n.5 (5th Cir. 2000) (describing this holding).

In reaching its holding, the Fifth Circuit reasoned that certain Texas cases had recognized that store managers might be liable for injuries to store customers based on their failure to exercise due care over areas under their control. Id. at *13-14 (citing S. H. Kress & Co. v. Selph, 250 S.W.2d 883, 893 (Tex. Civ. App. 1952) (rejecting the defendant's argument that a store manager owes no duty of care to customers, instead finding that the manager could be held liable for failing to remedy a dangerous condition on store premises); Wal-Mart Stores, Inc. v. Deggs, 971 S.W.2d 72, 75 (Tex. App.--Beaumont 1996) rev'd on other grounds 968 S.W.2d 354 (Tex. 1998) (stating that as a "general manager, we know of no reason why [the defendant] should not be considered as the operator of the premises in question. [Accordingly, he] . . . had the duty to maintain the premises in a condition that would not pose an unreasonable risk of harm")). The Fifth Circuit acknowledged that certain other Texas cases, including Leitch v. Hornsby, 935 S.W.2d 114 (Tex. 1996), have cast significant doubt on the ability of plaintiffs to recover against store managers and other corporate employees for torts committed in the course and scope of their employment. Id. at *11, n.6. Nevertheless, the court concluded that any ambiguity in state law had to be resolved in favor of the plaintiff. Id. at *11-14. Therefore, the plaintiff had a reasonable possibility of recovering against the store manager and

remand was required.  Id.

This Court finds the reasoning of Valdes persuasive in this case.  At most, Wal-Mart has identified an ambiguity in Texas state law.  Valdes, and the cases cited therein, suggest that there is a reasonable possibility of recovery against a store manager in a premises liability case such as this one.  Other cases, such as Palmer v. Wal-Mart, 65 F.Supp.2d 564 (S.D. Tex. 1999) and Leitch v. Hornsby, 935 S.W.2d 114 (Tex. 1996), suggest that there is no reasonable possibility of recovery against store managers.  This legal ambiguity must be resolved in favor of the Plaintiff.  Hart, 199 F.3d at 246 (court must resolve "all ambiguities in the controlling state law in favor of the non-removing party").  Therefore, Wal-Mart has not met its heavy burden of demonstrating that Defendant Uche Nuanpka has been improperly joined.  Accordingly, the Court lacks subject matter jurisdiction and this action must be remanded.

### III. CONCLUSION

For the reasons discussed above, the above-styled action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the Country Court at Law No. 1 of Nueces County, Texas, where it was originally filed and assigned Cause Number 06-62219-1.

SIGNED and ENTERED this 1st day of February, 2007.

_____
Janis Graham Jack
United States District Judge